IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| AUTOMATED LAYOUT TECHNOLOGY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 25-_____ ) **JURY TRIAL DEMANDED** |
| REDD IRON, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Automated Layout Technology, LLC ("ALT"), by and through its attorneys, brings this Complaint for Patent Infringement against Defendant Redd Iron, Inc. ("Redd Iron") for infringement of U.S. Patent No. 12,017,308, as follows:

**PARTIES**

1. Automated Layout Technology, LLC is a New Hampshire limited liability corporation with its principal place of business located at 8 Christine Dr., Hudson, NH 03051.

2. On information and belief, Redd Iron, Inc. is a Colorado corporation with its principal place of business located at 10421 E 106th Ave, Brighton, CO 80601.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over the Defendant Redd Iron because it is a Colorado corporation with a place of business in this judicial district, where it has committed acts of infringement.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Redd Iron resides in this judicial district, and has committed acts of infringement

in this judicial district and has a regular and established place of business in this judicial district.

## ALT'S PATENTED TECHNOLOGY

6. The fabrication of commercial metal railings, as well as picket railings, stair stringers, and ladders, has traditionally been a labor-intensive process. Typically, workers would manually lay out the design for a handrail on a flat work surface, using traditional tools, such as markers, tape measures, squares and compasses. The workers would then fabricate the handrail, relying on the manual layout as a guide. The process of manually laying out designs was time-consuming, often taking several hours for each project, and was prone to human error.

7. ALT set out to develop products and methods that would reduce the time and effort traditionally expended in laying out handrail designs, so that a greater proportion of a worker's time could be devoted to fabrication.

8. ALT invented a fully-automated CNC marking machine specifically designed for the layout of commercial handrails. The Lightning Rail® uses a digital layout created using modern computer assisted drawing technology and then prints the layout onto the work surface with near perfect accuracy. The Lightning Rail® can print a layout in a matter of minutes that might otherwise take a worker several hours to manually draw using traditional tools.

9. A picture of a Lightning Rail with a layout is shown below.



10.     The United States Patent and Trademark Office awarded U.S. Patent No. 12,017,308 to inventors Stephen Lawrence Chasse and John Michael Evans for their fabrication layout device and method.  A true and correct copy of the '308 Patent is attached to this Complaint as Exhibit A.

11.     The '308 Patent is valid and enforceable.

12.     ALT is the exclusive licensee of the '308 Patent, and has the right to file suit for infringement of the '308 Patent.

13.     ALT marks its Lightning Rail® products with the '308 Patent in accordance with the patent marking requirements set forth in 35 U.S.C. § 287, including by identifying the '308 Patent on its website at the Internet address <automatedlayout.com/lightning-rail.html>.

### REDD IRON'S INFRINGEMENT

14.      ALT repeats and realleges each and every allegation in paragraphs 1-13 of ALT's Complaint for Patent Infringement, as if fully set forth herein.

3

15. Redd Iron's website states that it "specialize[s] in…rail fabrication" with "the latest in CNC fabrication technology and software" to "offer many services to other fabricators such as…layout, and full fabricated products." https://www.reddiron.com/ (last visited Nov. 12, 2025).

16. ALT and Redd Iron began communicating at least as early as May 20, 2025 about Redd Iron's interest in purchasing ALT's Lightning Rail®.

17. Over the next several months, ALT and Redd Iron communicated many times by phone and email.

18. For example and without limitation, representatives of ALT and Redd Iron spoke on or about July 8, 2025, after which ALT provided a written quotation to Redd Iron for a Lightning Rail®.

19. The first page of the written quotation was marked with the '308 Patent.

20. On or about July 29, 2025, Redd Iron emailed ALT that Redd Iron was "LOOKING AT YOURS AND ANOTHER COUPLE MACHINES TO SEE WHAT FITS BEST FOR OUR BUSINESS AND OUR FOOTPRINT.  SO IN SHOPPING AND RESEARCH MOAD [sic, MODE]."

21. ALT understood Redd Iron's reference to "another couple machines" to mean the PLS-624 sold by Precision Steel Systems.

22. Representatives of ALT and Redd Iron spoke on or about August 1, 2025, after which ALT followed up with a written email stating that the Lightning Rail® is a patented product and the "alternative machine you are looking at" (i.e., the PLS-624) is an infringing product.

23. Redd Iron responded on or about August 7, 2025, stating that "WE ARE STILL LOOKING AT DEMONSTRATIONS OF OTHER MACHINES/ TECHNOLOGY AND

ETC….WE HAVE SET A DATE OF END OF SEPTEMBER TO HAVE OUR MINDS MADE UP."

24.     ALT understood Redd Iron's reference to "other machines/ technology" to mean the PLS-624.

25.     On information and belief, Redd Iron purchased the PLS-624 on or about August 25, 2025.

26.     On or about September 2, 2025, Redd Iron informed ALT that "WE'LL BE IN TOUCH LATER IF WE GO WITH NEW EQUIPMENT AT ALL THIS YEAR."

27.     Representatives of ALT and Redd Iron spoke on or about October 21, 2025, after which ALT followed up with a written email stating that the Lightning Rail® is a patented product and the "alternative machine you are looking at" (i.e., the PLS-624) is an infringing product.

28.     ALT later learned that Redd Iron had purchased the PLS-624 instead of ALT's Lightning Rail®.

29.     On information and belief, Redd Iron is using the PLS-624 to fabricate railing assemblies.

30.     ALT's belief is based on its many communications with Redd Iron in which Redd Iron disclosed the intended use of its contemplated Lightning Rail® purchase; the fact that fabricating railing assemblies is the advertised method of use of a PLS-624 machine; and the fact that Redd Iron's website states that it "specialize[s] in…rail fabrication" with "the latest in CNC fabrication technology and software" to "offer many services to other fabricators such as…layout, and full fabricated products." https://www.reddiron.com/ (last visited Nov. 12, 2025).

31.     Using the PLS-624 machine as it is intended and advertised to be used infringes ALT's '308 Patent.

## COUNT I

### Infringement of U.S. Patent No. 12,017,308 (35 U.S.C. § 271)

32. ALT repeats and realleges each and every allegation in paragraphs 1-31 of ALT's Complaint for Patent Infringement, as if fully set forth herein.

33. For example and without limitation, Claim 11 of the '308 Patent recites:

A method of fabricating a railing assembly, the method comprising:

selecting a railing assembly pattern using a control panel of a workstation, the workstation including

> a work surface sized and configured to support a plurality of railing components,
>
> an ink dispensing device movable over the work surface, the ink dispensing device configured to dispense ink directly onto the work surface in the railing assembly pattern, the railing assembly pattern representing an actual size of a railing assembly to be assembled, and
>
> a controller coupled to the control panel, the controller configured to move the ink dispensing device over the work surface and to dispense ink directly on the work surface according to the railing assembly pattern;

operating the workstation to dispense ink directly on the work surface in the railing assembly pattern;

positioning railing components on the work surface according to the railing assembly pattern; and

fastening the railing components to one another to form the railing assembly.

34. Each and every element of independent claim 11 of the '308 Patent is present when Redd Iron uses the PLS-624 to fabricate railing assemblies.

35. Attached as Exhibit B is a claim chart demonstrating where and how each and every element of claim 11 of the '308 Patent is present when Redd Iron uses the PLS-624 to fabricate railing assemblies.

36. Redd Iron has infringed and continues to infringe at least claim 11 of the '308 Patent by using the PLS-624 within the United States in violation of 35 U.S.C. § 271.

37. Redd Iron has literally infringed and continues to literally infringe each and every limitation of at least claim 11 of the '308 Patent. To the extent any limitation is not literally present in Redd Iron's use of the PLS-624, it is present under the doctrine of equivalents.

38. Redd Iron's infringement of the '308 Patent has been and continues to be willful, intentional, and purposeful, in disregard of ALT's patent rights.

39. Redd Iron's infringement has damaged and continues to damage ALT's business, causing irreparable harm for which there is no adequate remedy at law, unless Redd Iron's wrongful acts are permanently enjoined by this Court.

40. Redd Iron's infringement has caused and continues to cause damage to ALT, and ALT is entitled to recover its damages pursuant to 35 U.S.C. § 284.

## EXCEPTIONAL CASE DETERMINATION

41. This is an exceptional case entitling ALT to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

42. ALT prays for an order entering judgment against Redd Iron as follows:

    A. For a judgment that the '308 Patent has been infringed by Redd Iron;

    B. For a determination that this case is exceptional pursuant to 35 U.S.C. § 285;

    C. For an accounting of all damages sustained by ALT as a result of Redd Iron's infringement;

    D. For an award of ALT's damages adequate to compensate it for Redd Iron's infringement, including all damages to which ALT is entitled to under 35 U.S.C. § 284.

    E. For an award of enhanced damages pursuant to 35 U.S.C. § 284.

F. For an award of ALT's attorneys' fees pursuant to 35 U.S.C. § 285.

G. For an award of prejudgment and post-judgment interest.

H. For an award of ALT's costs and expenses in this matter.

I. For an injunction, permanently enjoining Redd Iron, including Redd Iron's officers, agents, employees and attorneys, and all persons acting in concert or with Redd Iron, from further acts of infringement.

J. For any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ALT respectfully requests a trial by jury of any issue so triable by right.

Dated: December 16, 2025                    Respectfully submitted,

              By: */s/ Amanda Milgrom*
                 Amanda Milgrom
                 Milgrom Daskam & Ellis
                 1550 Larimer St., # 503
                 Denver, CO 80202
                 (303) 900-3804
                 Amanda.milgrom@milgromlaw.com

                 AND

                 Craig R. Smith (CO Bar No. 864118; Mass. BBO No. 636,723)
                 Kevin M. Eckert (*pro hac vice forthcoming* VA Bar No. 89140)
                 Andrea B. Reed (*pro hac vice forthcoming* Mass. BBO No. 672,321)
                 **LANDO & ANASTASI, LLP**
                 60 State Street – 23rd Floor
                 Boston, MA 02109
                 Tel: (617) 395-7000
                 Fax: (617)-395-7070
                 csmith@lalaw.com
                 keckert@lalaw.com
                 areed@lalaw.com

              *Attorneys for Plaintiff Automated Layout Technology, LLC*